# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MARY INMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 19 C 5282 |
| | ) | |
| LEMONT PUBLIC LIBRARY DISTRICT | ) | Judge Charles P. Kocoras |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Lemont Public Library's ("Lemont") motion to dismiss Plaintiff Mary Inman's ("Inman") complaint under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for a more definite statement under Federal Rule of Civil Procedure 12(e). For the following reasons, the Court will grant the motion for a more definite statement.

Inman filed the instant complaint against Lemont on August 5, 2019, alleging disability and age discrimination claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. §§ 621-34, and the Illinois Human Rights Act ("IHRA"), 775 Ill. Comp. Stat. 5/1-101 *et seq*. On November 4, 2019, Lemont filed a motion to dismiss under Rule 12(b)(6) and, in the alternative, a motion for a more definite statement under Rule 12(e).

Under Rule 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such motions are generally appropriate when a "pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-14 (2002). "Rule 12(e) and related caselaw make it 'plain that the rule is designed to strike at unintelligibility rather than want of detail.'" *Flentye v. Kathrein*, 485 F.Supp.2d 903, 911 (N.D. Ill. 2007); *see also Direct Commc'ns, Inc. v. Horizon Retail Const., Inc.*, 387 F.Supp.2d 828, 831 (N.D. Ill. 2005) (Rule 12(e) motion is intended to eliminate confusion, not replace discovery).

Lemont requests that the Court dismiss Inman's complaint or direct her to file a more definite statement of her claims, arguing that Inman's current complaint fails to comply Rules 8 and 10. Specifically, Lemont contends that the complaint fails to set forth any factual allegations to support Inman's claims in the manner required by the rules. The Court agrees.

Rule 10(b) of the Federal Rules of Civil Procedure requires that a party state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count" if doing so would promote clarity. Fed. R. Civ. P. 10(b). Rule 8(a)(2) requires further that the claims for relief must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Rather than plead facts supporting her claims in the manner required by the rules, Inman's actual complaint provides threadbare recitals of the elements of her claims and incorporates by reference a statement of facts that was submitted along with a charge to the Equal Employment Opportunity Commission ("EEOC"). Inman argues that the statement submitted with the charge details sufficient facts to support her claims. But it is Inman's method of pleading those facts, rather than the nature of the facts alleged in Exhibit A, that is improper under the Federal Rules. Such pleading strategy fails to provide sufficient notice as required by Rule 8 because it does not comply with Rule 10. While "exhibits may be attached to [a] complaint, [] all relevant factual allegations . . . should be set forth in numbered paragraphs in the amended complaint. *Blankenship v. Kittle*, 2003 U.S. Dist. LEXIS 13690, at *7-8 (N.D. Ill. 2003).

## **CONCLUSION**

For the reasons mentioned above, the Court grants Lemont's motion for a more definite statement. Inman is to file an amended complaint that complies with Rule 10 and Rule 8 within 30 days from the date of this Order. It is so ordered.

Dated: 01/20/2020

_____
Charles P. Kocoras
United States District Judge

3